IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 10 2022
CLERK, U.S. DISTRICT COURT
By_____
          Deputy

| | | |
|---|---|---|
| JEFFREY ALAN BREVICK, | § | |
| | § | |
| Applicant,[1] | § | |
| | § | |
| VS. | § | NO. 4:22-CV-524-A |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the application of Jeffrey Alan Brevick under 28 U.S.C. § 2241 for writ of habeas corpus. The court, having considered the application, the government's response, the reply, the record, and applicable authorities, finds that the application must be dismissed as unexhausted.

I.

Background

Applicant is serving a sentence of 262 months for conspiracy to possess with intent to distribute more than 50 grams of pure methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). United States v. Brevick, No. 4:05-CR-195-A. He is serving his custodial sentence in home confinement,

---

[1] The document filed by applicant reflects that it is a "petition" and that he is a "petitioner." However, the statute itself, 28 U.S.C. § 2241, refers to "application" as being the proper nomenclature.

via designation to the Bureau of Prisons' Dallas Community Corrections/Residential Reentry Management Center. Doc.[2] 8 at App. 1-2.

## II.

### Ground of the Motion

Applicant urges that the Bureau of Prisons ("BOP") has not correctly applied credits he has earned pursuant to the First Step Act to reduce his sentence. He asks the court to direct the BOP to correctly calculate his time and release him accordingly. Doc. 1 at 2-3.

## III.

### Exhaustion of Remedies

A federal prisoner seeking relief under § 2241 must first exhaust his administrative remedies before seeking judicial review. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in extraordinary cases where administrative remedies are unavailable or wholly inappropriate to the relief sought, or the attempt to exhaust would be patently futile. Fuller, 11 F.3d at 62. This is not such a case. "Federal courts do not have jurisdiction over grievances related

---

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

2

to computation of sentences and sentencing credit until exhaustion of administrative review by the [BOP]." United States v. Wilson, 503 U.S. 329, 335-36 (1992); United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992). That applicant is no longer confined in a correctional facility does not excuse his obligation to exhaust remedies. 28 C.F.R. § 542.10(b); Kelley v. United States, No. CV 20-0132, 2020 WL 9077512, at *1 (E.D. La. Apr. 28, 2020).

The BOP operates a three-step Administrative Remedy Program. 28 C.F.R. §§ 542.10-542.19. The initial step for an inmate in community custody is to submit a written administrative remedy request form (BP-9) to the Community Corrections Manager's Office within 20 calendar days following the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a). Such request may be mailed. 28 C.F.R. § 542.14(c)(4).

If the inmate is not satisfied with the response, he may submit an appeal (BP-10) to the Regional director. 28 C.F.R. § 542.15(a). And, if not satisfied with that response, the inmate may appeal to the Office of General Counsel via a Central Office administrative remedy appeal form (BP-11). 28 C.F.R. § 542.15(a).

IV.

Analysis

Administrative remedies are not exhausted until the inmate's claim has been filed at all levels and denied at all levels. Wood v. Carr, No. 4:20-CV-1365-P, 2021 WL 2207202, at *3 (N.D. Tex. June 1, 2021)(citing Rourke, 11 F.3d at 49). Substantial compliance is not enough. Flores v. Lappin, 580 F. App'x 248, 249 (5th Cir. 2014). Applicant has not made any attempt to exhaust his remedies. His argument that he is not required to exhaust his remedies is not well taken. The case he relies upon, Q.F. v. Daniel, 768 F. App'x 935, 938 (11th Cir. 2019), is inapposite as it concerns the requirements of the Prison Litigation Reform Act. Moreover, authorities from other circuits are not binding here. The application must be dismissed as unexhausted.

Finally, as respondent notes, it does not appear that applicant could prevail in any event. Doc. 7 at 6-7. His request for relief is premature. See Sample v. Morrison, 406 F.3d 310, 311-12 (5th Cir. 2005); Roberts v. Smith, 195 F. App'x 244, 245 (5th Cir. 2006). And, contrary to applicant's argument, even the document he relies on, Government's Supplemental Response, Doc. 9 at 8, reflects that the maximum credit that can be earned is

4

fifteen days for every thirty days of participation in programming.

V.

Order

For the reasons discussed herein,

The court ORDERS that the application be, and is hereby, dismissed as unexhausted.

SIGNED August 10, 2022.

_____
JOHN McBRYDE
Senior United States District Judge